UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALEXANDER SIMMONS,

                                 Plaintiff,

   -against-

DAVID GUEVARA; ANTOYNE CHESS; JOHN and JANE DOE 1 through 5, individually and in their official capacities (the names John Doe and Jane Doe being fictitious, as the true names are presently unknown),

                                 Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

Docket No.
15-9499

ECF CASE

Plaintiff ALEXANDER SIMMONS, by his attorney John Paul DeVerna, Esq. of DeVerna Law, for his complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from a September 16, 2013 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Simmons without probable cause. Mr. Simmons initially spent approximately 48 hours unlawfully in police custody. After going to Court a number of times, Mr. Simmons's case was terminated in his favor on or about February 25, 2014.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

4. This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff ALEXANDER SIMMONS ("Plaintiff" or "Mr. Simmons") resided at all times in Bronx County, in the City and State of New York.

8. Defendant David Guevara, Shield No. 7165 ("Guevara") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Guevara was, at the time relevant herein, a detective under Shield # 7165 in the Narcotics Borough Manhattan South. Defendant Guevara is sued in his individual capacity.

9. Defendant Antoyne Chess, Shield No. 00162 ("Chess") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Chess was, at the time relevant herein, a detective under Shield # 00162 in the Narcotics Borough Manhattan South. Defendant Chess is sued in his individual capacity.

10. At all times relevant Defendants John and Jane Doe 1 through 5 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 5.

11. At all times relevant herein, Defendants John and Jane Doe 1 through 5 were acting as

agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 5 are sued in their individual and official capacities.

12. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

13. On September 16, 2015, at approximately 11:00 p.m., inside of a McDonald's located at 114 Delancey Street, New York, NY.

14. Mr. Simmons was not committing any crime or violating any law or local ordinance.

15. The Defendants, including Defendant Guevara, unlawfully ordered Mr. Simmons to stop.

16. The Defendants would not reply to Mr. Simmons inquiry about why he was being stopped.

17. The Defendants, including Defendant Guevara then ordered Mr. Simmons to turn around and put his hands behind his back.

18. Mr. Simmons complied with Defendants orders and put his hands behind his back.

19. Defendants did not have probable cause or reasonable suspicion to detain Mr. Simmons.

20. Unidentified Defendants unlawfully handcuffed Mr. Simmons in an excessively tight manner.

21. Defendants, including Defendant Guevara, searched Plaintiff's person without his authority or permission.

22. The Defendants would not reply to Mr. Simmons inquiry about why he was being

searched.

23. No contraband or anything of illegality was found on Mr. Simmons.

24. Defendants, including Guevara, placed Mr. Simmons under arrest.

25. Mr. Simmons did not resist arrest.

26. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Simmons.

27. The Defendants did not observe Mr. Simmons committing any crime or violating any law or local ordinance.

28. An unidentified Defendant, a supervisor, authorized the unlawful arrest of Mr. Simmons.

29. An unidentified Defendant and Defendant Guevara then placed Mr. Simmons into an NYPD vehicle and drove, based on information and belief to the 7th Precinct.

30. Defendants failed to secure Plaintiff using a passenger safety device (seatbelt) while transporting Plaintiff to the 7th Precinct.

31. Defendants intentionally drove to the 7th Precinct in an unnecessarily aggressive manner.

32. Because Plaintiff was handcuffed and unable to brace himself, Defendants intentional aggressive driving caused Plaintiff to suffer injuries to his head, neck, body, and limbs.

33. While Plaintiff was in central booking, Defendants, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Sale of Marihuana in the Fourth Degree and Criminal Possession of Marihuana in the Fifth Degree.

34. Defendants, acting with malice, conveyed false information to prosecutors in order to have Plaintiff prosecuted for Criminal Sale of Marihuana in the Fourth Degree and Criminal

Possession of Marihuana in the Fifth Degree.

35. Defendants, including Defendant Guevara, prepared false sworn affidavits and false police reports relating to Mr. Simmons's arrest.

36. Defendants, including Defendant Guevara, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Simmons's arrest.

37. Those reports were forwarded to one or more prosecutors at the New York County District Attorney's office.

38. Upon information and belief, Defendants spoke to one or more prosecutors at the New York County District Attorney's office and falsely informed them that Mr. Simmons sold and possessed marihuana.

39. At arraignments, the Judge released Mr. Simmons on his own recognizance, and the matter was adjourned.

40. Mr. Simmons was unlawfully held in police custody for approximately 48 hours before being arraigned.

41. After multiple court appearances, on February 25, 2014, Mr. Simmons's case was resolved in his favor with an adjournment in contemplation of dismissal.

42. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Simmons and violate his civil rights.

43. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Simmons without probable cause or failed to intervene in the actions of his fellow officers when they observed them arresting Mr. Simmons without probable cause.

44. At all times relevant hereto, Defendants were involved in the decision to violate Mr. Simmons's civil rights, including falsely arresting Plaintiff, and failed to intervene in the actions

of their fellow officers.

45. As a direct and proximate result of the acts of Defendants, Mr. Simmons suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

46. The above paragraphs are here incorporated by reference as though fully set forth.

47. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

49. The above paragraphs are here incorporated by reference as though fully set forth.

50. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

51. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

52. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

53. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Simmons sold marihuana and possessed marihuana.

57. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

58. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Failure to Intervene
Under 42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth

Amendments.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Deprivation of Federal Civil Rights Against Defendants
Under 42 U.S.C. §§ 1981, 1983, and 1985

64. The above paragraphs are here incorporated by reference as though fully set forth.

65. In an effort to find fault to use against the Plaintiff, defendant officers conspired among themselves, and conspired with others to deprive Plaintiff of his Constitutional rights under 42 U.S.C. §§ 1981, 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

66. Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

67. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and was otherwise damaged and injured

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 4, 2015
New York, New York

**JOHN PAUL DEVERNA**
Counsel for the Plaintiff

*/s/ JPDeV/*

_____
By: John Paul DeVerna (JD4332)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)